UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 12-81054-JEM |
| | ) | |
| KYM D. HAYWOOD, | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| NEIL C. GORDON, Trustee for the Estate of Kym D. Haywood, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| OCWEN LOAN SERVICING, LLC, as Servicer for DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for the Registered Holders of CBA Commercial Assets, Small Balance Commercial Mortgage Pass-Through Certificates, Series 2006-1, JEAN WALLACE, ALVIN JOHNSON, BANK OF AMERICA, N.A., NEW CENTURY MORTGAGE CORP., Assignor to DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for CBA Commercial Assets, Small Balance Commercial Mortgage Pass-Through Certificates, 2006-1, CITY OF FITZGERALD, BEN HILL COUNTY, and KYM D. HAYWOOD, Respondents. | ) | |

5433493

## MOTION TO SELL PROPERTY OF THE ESTATE
## FREE AND CLEAR OF ALL LIENS AND INTERESTS AND
## TO DISBURSE CERTAIN PROCEEDS AT CLOSING

COMES NOW Neil C. Gordon, the Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Kym D. Haywood. (the "Estate") and filed this *Motion to Sell Property of the Estate Free and Clear of Liens and Interests and to Disburse Certain Proceeds at Closing* (the "Sale Motion"), and pursuant to 11 U.S.C. §§ 363(b) and (f) and Fed. R. Bankr. P. 2002(a)(2), 6004(a), 6004(c) and 9014, other than in the ordinary course of business, and respectfully shows the Court as follows:

### BACKGROUND

1. The debtor Kym D. Haywood (the "Debtor") filed his petition under Title 11, Chapter 7, Case No. 12-81054-JEM (the "Case") on December 17, 2012 (the "Petition Date").

2. Trustee was appointed interim Chapter 7 trustee on December 18, 2012.

3. Trustee conducted and concluded the 341 Meeting on January 16, 2013, pursuant to 11 U.S.C. § 341(a) and became the permanent Chapter 7 trustee, pursuant to 11 U.S.C. § 702(d).

4. The duties of Trustee include his obligation to "collect and reduce to money the property of the estate." 11 U.S.C. § 704(1).

5. On January 23, 2013, Trustee filed his *Application to Appoint Attorney for Trustee* [Doc. No. 12] and an *Order* [Doc. No.13] was entered by the Court on January 24, 2013, appointing Arnall Golden Gregory LLP as attorneys for Trustee.

6. Debtor listed his sole ownership interest in two commercial rental

5433493

properties in Fitzgerald, Ben Hill County, Georgia.

The Commercial Properties:

(a) 111 West Magnolia Street, Fitzgerald, Ben Hill County, Georgia 31750, consists of a four-unit apartment building (the "Quadriplex"). Debtor listed the Quadriplex with a value of $69,911.00 encumbered by one mortgage with a payoff in the amount of $86,000.00 in favor of Bank of America, N.A. ("BOA"); and

(b) 115 West Magnolia Street, Fitzgerald, Ben Hill County, Georgia 31750, consists of a twelve (12)-unit building (the "Apartment Building"). Debtor listed the Apartment Building with a value of $206,761 encumbered by one mortgage with a payoff in the amount of $182,000.00 in favor of Ocwen Loan Servicing, LLC ("Ocwen"). The Schedules do not reflect for whom Ocwen is servicing this mortgage.

**The Quadriplex (111 W. Magnolia St.):**

7. Trustee has determined through his examination of the title to the Quadriplex that (a) the first position *Security Deed* is in favor of BOA dated March 16, 2005 and recorded in the Superior Court of Ben Hill County on March 30, 2005 in the original principal amount of $100,000.00 (the "BOA Deed"), (b) there is a second position *Security Deed* in favor of New Century Mortgage Corporation (the "NCMC Deed") dated August 3, 2005 and recorded on August 12, 2005 with the Superior Court of Ben Hill County, Georgia, in the original principal amount of $199,000.00, and (c) there is an *Assignment of Security Deed* (the "Assignment") recorded on June 29, 2006,

5433493

assigning the NCMC Deed to Deutsche Bank National Trust Company as Trustee for CBA Commercial Assets, Small Balance Commercial Mortgage Pass-Through Certificates, Series 2006-1 ("Deutsche").

**The Apartment Building (115 W. Magnolia St.):**

8. Trustee has determined through his examination of the title to the Apartment Building that (a) Debtor purchased the Apartment Building from Alvin Johnson for $290,000 on January 31, 2005, as reflected by a Warranty Deed of such date recorded on February 28, 2005, (b) from Mr. Johnson's earlier purchase of the Apartment Building from Paulk Investments, LLC there is a *Wraparound Purchase Money Deed to Secure Debt and Security Agreement* in favor of Paulk Investments, LLC ("Paulk") to Alvin Johnson recorded on February 7, 2005 (the "Paulk Deed"), (c) a *Security Deed* in favor of Alvin Johnson to Debtor is recorded on February 28, 2005 in the original principal amount of $210,000 (the "Johnson Deed"); and finally (d) there is the BOA Deed dated March 16, 2005 and recorded on March 30, 2005.

9. Upon information and belief, the Paulk Deed and Johnson Deed were satisfied but never cancelled of record.

10. On December 27, 2012, Ocwen, as servicer for Deutsche (as defined herein below) filed a *Motion for Relief from Stay* (the "Ocwen Motion") asserting a lien against the Apartment Building and attaching the NCMC Deed which reflects the legal description of the Quadriplex. Also attached to the Ocwen Motion is the *Promissory Note* listing as collateral the Apartment Building. The *Promissory Note* is not recorded on the real estate records for the Apartment Building.

5433493

## THE BOA DEED IS AVOIDABLE BY TRUSTEE, PURSUANT 11 U.S.C. § 544

11.  The BOA Deed is the senior mortgage on the Quadriplex and possibly the Apartment Building as well. The BOA Security Deed lacks the signature of an unofficial witness as required by Georgia law.

12.  The BOA Deed is therefore avoidable by Trustee, pursuant to 11 U.S.C. § 544. *See e.g., Wells Fargo Bank, N.A. v. Gordon (In re Codrington)*, No. S12Q2067, 2013 Ga. Lexis 158 (Ga. Sup. Ct. Feb. 18, 2013) and *In re Codrington*, 430 B.R. 287 (Bankr. N.D. Ga. 2009)(Massey, J.).

## REQUEST FOR AUTHORITY TO SELL PROPERTIES OF THE ESTATE

13.  Through Trustee's investigation of the Commercial Properties, it has been determined that the Quadriplex is worth between $40,000.00 and $48,000.00 and the Apartment Building is worth between $120,000 and $144,000.00.

14.  Trustee filed *Trustee's Application for Employ Auctioneer* (the "Auctioneer Application") [Docket No. 16] on March 29, 2013 and the Court entered the *Order* [Docket No. 17] on April 1, 2013, authorizing the employment of Rowell Auctions, Inc. ("Rowell") as his auctioneer to conduct a sale by public auction or private sale, receiving a ten (10%) percent buyer's premium of the gross purchase price, plus, reimbursement of out-of-pocket expenses not to exceed $8,000.00.

15.  Trustee proposes to sell the Commercial Properties by public auction conducted by Rowell to the highest and best bidder or by private sale should Trustee deem it appropriate. The auction will occur within ninety (90) days of this Court's order approving the sale.

5433493

16. Trustee seeks authority from the Court to sell the Commercial Properties "as is" and "where is" and free and clear of all liens and interests. The proposed sale of the Commercial Properties is not in the ordinary course of business, as provided by 11 U.S.C. §363(b). Any lien to the extent valid, perfected, enforceable and unavoidable will attach to the proceeds of the sale as provided by 11 U.S.C. § 363(f).

## LEGAL ANALYSIS

17. The bankruptcy code sets forth five different grounds for selling property free and clear, three of which are applicable to this sale. Trustee shows, as aforesaid, that the BOA Deed is the subject of a *bona fide* dispute and constitutes a solid basis for proceeding with a sale free and clear of liens and interests. See 11 U.S.C. §363(f)(4). Likewise, the property subject to the NCMC Deed, and related Assignment, is the subject of a *bona fide* dispute.

18. Sections 363(f)(1) and (5), respectively, provide two additional grounds under which a property may be sold free and clear of a particular lien or interest: where applicable non-bankruptcy law permits sale of such property free and clear of such interest, and where such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest. Here, the right to sell free and clear is established under two entirely separate, but applicable legal provisions.

19. The Trustee shows that the Court can look to state law as set forth in *Butner v. United States*, 440 U.S. 48 (1979). Under Georgia law, there are two applicable areas of the law that would justify a sale free and clear. The first is Georgia receivership law. Under O.C.G.A. § 9-8-6, a state court Receiver has the express authority to sell free and

5433493

clear of interests. While many states lack a similar provision, the Trustee's ability to look to Georgia state law is sufficient to satisfy the ability to sell free and clear. Moreover, receiverships are grounded in equity, and in such an equitable proceeding, the Receiver can compel an entity to accept a money satisfaction of its interest. Thus, both sections 363(f)(1) and (5) are satisfied by Georgia's receivership laws with respect to senior and junior liens. *See e.g. In re Jolan*, 403 B.R. 866 (Bankr. W. D. Wash. 2009) (applying Washington state's more restrictive receivership laws as the basis for satisfaction of the requirements of section 363(f) and noting that it would apply even to non-consenting first mortgages).

20. A second state law that satisfies these code sections is O.C.G.A. § 14-14-530(b), which provides that where property subject to a lien is sold under judicial process, the lien is divested from the property and attaches to the proceeds of the sale. Georgia courts have applied this same principle to non-judicial foreclosures of security deeds. "We know of no reason why the same rule should not apply to liens against property sold under power of sale contained in a security deed as applies in cases of other types of sales. The sale effectively divests all inferior liens." *East Atlanta Bank v. Limbert*, 191 Ga. 486, 12 S. E.2d 865 (1941). Trustee does not believe that there are any liens on or against the Commercial Properties senior to the BOA Deed. The Commercial Properties together may be worth far less than what is owed on the Commercial Properties. Thus, Trustee should be authorized on the basis of this area of Georgia law to sell free and clear of the all junior liens and interests.

21. The third statutory basis is derived from federal bankruptcy law. There is authority (not universally accepted) that a cram-down plan under 11 U.S.C. § 1129(b)(2)(A) qualifies as a proceeding that can force the holder of a lien to accept a money satisfaction of its lien. *See e.g. In re Gulf States Steel*, 285 B.R. 497 (N.D. Ala. 2002); *In re Terrace Chalet Apts.*, 159 B.R. 821 (N.D. Ill. 1993). This is perhaps another basis for the ability of Trustee to sell free and clear.

22. Thus, based on applicable Georgia foreclosure and receivership laws, or under a Chapter 11 plan confirmation process, Trustee can sell the Commercial Properties free and clear of all such liens and interests. Therefore, Trustee proposes to sell the Commercial Properties free and clear of liens as provided by 11 U.S.C. §§ 363(b) and (f). In this case, BOA has the first lien and NCMC has the second lien on the Commercial Properties and both are the subject of a *bona fide* dispute. 11 U.S.C. §363(f)(4) and NCMC as a junior lienholder is subject to being foreclosed by the senior lien.

## REQUEST FOR AUTHORITY TO DISBURSE CERTAIN PROCEEDS AT CLOSING

23. Trustee moves for authority to have all gross sale proceeds paid to him at closing and for authority to have paid at closing (a) any outstanding ad valorem real estate property taxes (none anticipated) and 2013 pro-ration of ad valorem real property taxes estimated at $1,454.23 for the Apartment Building (based on a 2012 tax bill in the total amount of $2,544.97) and estimated at $505.00 for the Quadriplex (based on a 2012 tax bill in the amount of $877.72); (b) any capital gains taxes; (c) out-of-pocket expenses

5433493

to Rowell in an amount not to exceed $8,000.00; and (d) all other customary closings costs or all other costs necessary to close the sale of the Commercial Properties. All other distributions will be pursuant to further order of this Court.

24. To the extent funds are disbursed at closing by a party other than Trustee, such party shall be treated as Trustee's designated and authorized agent for disbursements.

25. Trustee expressly reserves and does not waive his right to surcharge the Commercial Properties and the proceeds thereof, to the extent either secures an allowed secured claim, for the reasonable, necessary costs of preserving, or disposing of, the Commercial Properties, to the extent of any benefit to the holders of such secured claims under Section 506(c) of the Bankruptcy Code.

WHEREFORE, Trustee prays that the Court enter an order granting the Sale Motion, authorizing Trustee to sell the Commercial Properties free and clear of liens, with any and all liens attaching to the proceeds of the sale of the Commercial Properties, and to disburse certain proceeds at closing, and for such other and further relief as is just and proper.

Respectfully submitted,
ARNALL GOLDEN GREGORY, LLP

/s/ Neil C. Gordon
By: NEIL C. GORDON/ SBN 302387
Attorneys for Chapter 7 Trustee

Arnall Golden Gregory, LLP
171 17th Street, Suite 2100
Atlanta, Georgia 30363-1031
(404) 873-8596
Neil.Gordon@agg.com

5433493

## CERTIFICATE SERVICE

This is to certify that I have mailed a copy of the Trustee's *Motion to Sell Property of the Estate Free and Clear of Liens and Interests and to Disburse Certain Proceeds at Closing* by depositing in the United States mail a copy of same in a properly addressed envelope with adequate postage affixed thereon to assure delivery to:

Office of the United States Trustee
362 Richard B. Russell Bldg.
75 Spring Street, SW
Atlanta, Georgia 30303

Kym Haywood
3049 Springdale Road
Hapeville, Georgia 30354

Tami Wells Thomas
The Wells Thomas Law Firm
2385 Wall Street
Conyers, Georgia 30013

Mark Manley
Rowell Auctions, Inc.
1303 Fourth Street, SW
Moultrie, Georgia 31768

Ben Hill County Tax Commissioner
324 E. Pine Street
Fitzgerald, GA 31750

Ocwen Loan Servicing, LLC, as Servicer
for Deutsche Bank National Trust
Company, as Trustee for the Registered
Holders of CBA Commercial Assets,
Small Balance Commercial Mortgage
Pass-Through Certificates, Series 2006-1
C/o Richard B. Maner
5775 Glenridge Drive
Building D, Suite 100
Atlanta, Georgia 30328

Bryan T. Moynihan
President and CEO
Bank of America, N.A.
100 N. Tryton St., #170
Charlotte, NC 28202

Bank of America, N.A.
C/o CT Corporation System, R.A.
1201 Peachtree Street, NE
Atlanta, Georgia 30361

Ocwen Loan Servicing, LLC
c/o Corporation Service Company, R.A.
40 Technology Parkway South
Suite 300
Norcross, GA 30092

Alvin Johnson
136 Holcomb Ferry Road
Roswell, Georgia 30076

Jean Wallace
C/o Van D. Jackson, P.C.
2300 Henderson Mill Road, Suite 120
Atlanta, GA 30345

Paulk Investments, LLC
Post Office Box 5207
Fitzgerald, GA 31750

Kym Haywood
3049 Springdale Road
Hapeville, Georgia 30354

This 29th day of April, 2013.

/s/ Neil C. Gordon
Neil C. Gordon

5433493